PER CURIAM.
In this workers’ compensation case, the claimant challenges an order of the Judge of Compensation Claims (JCC) denying his claim for an adjustment in average weekly wage (AWW). Because the JCC failed to address the critical question presented below, we remand the case for further proceedings.
The claimant, a stockman at appellee/em-ployer’s grocery store, sustained a compensa-ble injury to his right hand in August 1989 when he caught the hand in a compactor. After two surgical procedures, the claimant was returned to light duty in July 1990. Upon returning to full duty soon thereafter, the claimant began experiencing a return of his symptoms, which included coldness and numbness in his right hand. According to the claimant, he then began “babying” his right hand and using his left hand to perform his employment duties. It was not long before the claimant started experiencing coldness and numbness in his left hand, which symptoms increased the more claimant used the hand. A Notice of Injury form was completed indicating a November 25, 1990 accident date, but the medical testimony established that the injury to the left hand was due to repetitive trauma. A surgical procedure was performed on the left hand in April 1991. The claimant’s treating orthopedic surgeon has cautioned against a return to stock work which entails extensive use of the hands.
Although precise figures are not clear from the record, the claimant’s AWW for the August 1989 accident exceeded that which would be calculated for November 1990. The claimant sought a correction in the amount of benefits paid after November 1990, asserting that his AWW should be based on his pre-August 1989 wage. The employer/carrier (e/c) disagreed, arguing that the November 1990 injury to the claimant’s left hand was separate and apart from the previous 1989 injury to the right hand. Adopting the argument advanced by the e/c, the JCC concluded that the right and left hand injuries were “separate and distinct,” and that the subsequent injury to the claimant’s left hand did not constitute an aggravation or re-injury of the earlier right hand injury. Consequently, the November 1990 AWW would apply to benefits paid after that date.
While it is undeniable that the claimant’s left hand injury could not constitute an aggravation or re-injury of the previous injury to the right hand, such a conclusion was not dispositive of the issue presented. Rather, the JCC was called upon to determine whether the repetitive trauma injury to the claimant’s left hand was the direct and natural result of the earlier accidental injury to the right hand. See Rodriquez v. Frito-Lay, Inc., 600 So.2d 1167 (Fla. 1st DCA 1992). If this was the case — and there does appear to be some support in the record for such a conclusion — then the claimant should be permitted to obtain benefits based on his earlier AWW for the 1989 accident, despite the filing of the 1990 Notice of Injury.
Because the JCC failed to make findings on this question, the case is REMANDED for further consideration.
BOOTH, MINER and KAHN, JJ., concur.